COMMONWEALTH *vs.* WALTER E. BENNETT, JR. No. 95-P-1504. October 9, 1996. *Homicide. Practice, Criminal,* Instructions to jury. *Statute,* Construction. *Evidence,* State of mind, Self-defense.

Convicted of manslaughter after being indicted for murder, the defendant seeks reversal of his conviction, advancing two claims of error by the Superior Court judge. The evidence at trial established that the victim was shot while seated in his automobile after driving into the unobstructed

driveway of the property on which the defendant's ranch-style home was located. At the time of the shooting, the defendant was standing in his yard next to the driveway and approximately forty-five feet away from his home. The defendant testified that, prior to the shooting, the victim had made threats during a telephone conversation between them.

1. *Refusal to instruct on the "castle" statute.* The judge did not err, as claimed by the defendant, in refusing to instruct the jury pursuant to G. L. c. 278, § 8A, inserted by St. 1981, c. 696, which provides in pertinent part:

> "In the prosecution of a person who is an occupant of a dwelling charged with killing or injuring one who was unlawfully in said dwelling, it shall be a defense that the occupant was in his dwelling at the time of the offense and that he acted in the reasonable belief that the person unlawfully in said dwelling was about to inflict great bodily injury or death upon said occupant or upon another person lawfully in said dwelling . . . ."

The defendant argues that the driveway, being in his exclusive possession, falls within the definition of dwelling as used in the statute. Such an expansive definition accords with neither a commonsense reading of the statute nor the circumstances for its enactment, see *Commonwealth* v. *Gregory,* 17 Mass. App. Ct. 651, 652 (1984), nor does it accord with our case law, see *Commonwealth* v. *Albert,* 391 Mass. 853, 862 (1984). See also *Commonwealth* v. *Goldoff,* 24 Mass. App. Ct. 458, 463 (1987) (construing G. L. c. 266, § 14); *Commonwealth* v. *Jefferson,* 36 Mass. App. Ct. 684, 687 (1994). The locus of the confrontation—the defendant's driveway — has none of the closed and secure qualities of an occupied dwelling, and no reasonable basis appears for concluding that a dwelling, for the purposes of G. L. c. 278, § 8A, should be interpreted to include a driveway such as the defendant's even though the defendant may have had, in a real property sense, exclusive control over it. See also *Commonwealth* v. *Statham,* 38 Mass. App. Ct. 582, 584 n.3 (1995) (construing G. L. c. 269, § 10[a], as amended by St. 1990, c. 511, § 2).

2. *Alleged prior violent conduct of the victim.* The trial judge on three occasions at trial, after voir dire hearings, denied admission of testimony relating to alleged prior violent acts of the victim, essentially on the ground of remoteness. There is no merit in the defendant's argument that the judge improperly focused on whether the incidents factually were remote, ignoring what was in the defendant's mind about them. The judge properly could conclude that the violent acts attributed to the victim were not only remote in time but lacked probative value and would have resulted in undue collateral inquiry. See generally *Commonwealth* v. *Fontes,* 396 Mass. 733, 736-737 (1986). Consequently, there is also no merit in the defendant's further assertion in his reply brief that there was constitutional error in the alleged limitation of his cross-examination.

The defendant does not cite any limitation at trial on introduction of evidence of his state of mind at the time relevant to his confrontation with the victim, nor do we perceive any. See *Commonwealth* v. *Fontes, supra* at 737-738. In any event, if there had been error, it would not be reversible er-

ror. There was abundant evidence of the victim's reputation for violence as well as direct testimony of a defense witness and the defendant from which the jury reasonably could determine the defendant's state of mind. Moreover, the jury, instructed without objection on the lesser included offense of manslaughter by use of excessive force in self-defense, apparently accepted some of the defendant's theory of self-defense in finding him guilty of manslaughter.

*Judgment affirmed.*

*Stephen Hrones* for the defendant.

*Frank M. Gaziano,* Assistant District Attorney, for the Commonwealth.